UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00234-MR

| RICHARD JAMES MCINTYRE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
|  | ) |  |
| TERESA JARDON, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon review of the Petition for Writ of Habeas Corpus filed on May 24, 2022 pursuant to 28 U.S.C. § 2254 by Richard James McIntyre ("the Petitioner"). [Doc. 1].

## I. BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. The Petitioner was convicted as a habitual felon of felony breaking and entering with intent to terrorize or injure and destruction of real property in Union County, North Carolina on August 8, 2018. [Doc. 1 at 1]; State v. McIntyre, 274 N.C.App. 511, *1-3 (N.C. Ct. App. December 1, 2020)(unpublished). The Petitioner was sentenced to a term of 72 to 99 months of imprisonment. [Id.].

The Petitioner filed a direct appeal on grounds that the trial court erred in denying his request for a diminished capacity instruction. [Id.]. The appellate court ruled that the trial court did not err in denying the Petitioner's request for the instruction. [Id.]. The Petitioner did not seek further appellate review of his judgment of conviction. [Doc. 1 at 2].

On August 31, 2021, the Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Union County Superior Court. [Doc. 1 at 3; Doc. 1-1 at 1-8]. The MAR alleged that counsel was ineffective for failing to investigate and present evidence and for ignoring the Petitioner's request to file certain trial motions, that the trial judge erred in allowing the trial to proceed despite the Petitioner raising the issue of wanting to dismiss or replace counsel, and that the Petitioner's conviction as a habitual felon was unlawful. [Id.]. The court denied the MAR October 4, 2021 on grounds that the claims were procedurally barred pursuant to N.C. Gen. Stat. § 15A-1419(a)(3) because the Petitioner was in a position to adequately raise the claims on direct appeal but he failed to do so. [Doc. 1 at 3, Doc. 1-1 at 9-10]. The Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals to review the MAR denial, which the appellate court denied on January 25, 2022. [Doc. 1 at 4].

## II. STANDARD OF REVIEW

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

## III. DISCUSSION

### A. Procedural Default

The Petitioner raises two grounds for relief in his § 2254 petition. First, the Petitioner alleges that trial counsel was ineffective for failing to investigate his case, gave deficient advice, and ignored his request to provide medical records and call witnesses. [Doc. 1 at 5]. In ground two, the Petitioner claims that he "addressed the trial court to fire defense counsel and hire my [own] attorney" and that "defense counsel agreed but the Assistant District Attorney [requested] the court to proceed with defense counsel." [Doc. 1 at 7]. The Petitioner also appears to assert that he was improperly convicted as a habitual felon. [Id.].

Under the Antiterrorism and Effective Death Penalty Act, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. Joyner v. Hooks, 2019 WL 3561429, *3 (E.D.N.C. 2019); N.C. Gen. Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012)(to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts.").

The scope of federal habeas review is also limited by the doctrine of procedural default. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). See Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000)("a federal habeas court may not review

4

constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule").

Although the Petitioner filed a direct appeal, he did not seek discretionary review by the North Carolina Supreme Court as required for exhaustion of state remedies. The Petitioner also failed to raise his MAR claims in his appeal, and therefore, the trial court dismissed the MAR claims as procedurally barred pursuant to N.C. Gen. Stat. § 15A-1419(a)(3). [Doc. 1 at 3, Doc. 1-1 at 9-10]. The Fourth Circuit Court of Appeals has "consistently held that § 15A-1419(a)(3) is an independent and adequate state ground for purposes of procedural default." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008). Because the § 2254 raises claims that were not asserted on direct appeal or considered by the MAR court, the Petitioner's claims are barred by procedural default.

Having determined that the Petitioner's claims are procedurally defaulted, the Court next turns to the issue of whether the Petitioner has made a sufficient showing to excuse the procedural default. A § 2254 habeas petition that is barred by procedural default must be dismissed unless the petitioner can demonstrate either (1) "cause" and "actual prejudice" resulting from the errors complained of, or (2) that a "miscarriage of justice" would result from refusal to entertain the collateral attack. United

5

Case 3:22-cv-00234-MR   Document 3   Filed 08/30/23   Page 5 of 9

States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

A demonstration of "cause" for procedural default generally depends on whether a prisoner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Actual prejudice" is shown by demonstrating that the error worked to the petitioner's "actual and substantial disadvantage," rather than just creating a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. at 494)). To show that a "miscarriage of justice" would result from the court's failure to entertain the collateral attack, the movant must demonstrate "actual innocence by clear and convincing evidence" and must: (1) "support allegations of constitutional error with new, reliable evidence that was not proffered at trial," and (2) "prove that in light of all the evidence, old and new, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt." Hayes v. Carver, 922 F.3d 212, 217 (4th Cir. 2019); United States v. Mikalajunas, 186 F.3d at 493.

Although the Petitioner seeks to raise ineffective assistance of counsel in this § 2254 proceeding, ineffective assistance cannot be used to

demonstrate "cause" for purposes of excusing procedural default unless it is first exhausted in the state courts as an independent claim.  See Murray v. Carrier, 477 U.S. at 489.  Thus, the Petitioner cannot rely on ineffective assistance to excuse the procedural bar.  The Petitioner also fails to establish "actual prejudice" or that a fundamental miscarriage of justice will result if this Court does not review his claims.  The Petitioner makes no showing of the existence of any clear and convincing evidence to establish his actual innocence.

The Petitioner has not demonstrated any cause or actual prejudice to excuse procedural default, nor has he made any showing that a fundamental miscarriage of justice will result if this Court declines to review his claims.  As such, his § 2254 claims are procedurally barred and the petition will be dismissed.

### B. Failure to State a Claim

Even if the Petitioner's § 2254 was not procedurally barred, it would be subject to dismissal for failure to state a claim of relief.  Although the Petitioner brought this §2254 action as a *pro se* litigant, he is still required to specify all grounds for relief and state the supporting facts.  See Rule 2(c) of the Rules Governing Section 2254 Cases.

The Petitioner attempts to raise ineffective assistance of counsel on grounds that counsel failed to investigate, gave deficient advice, and ignored the Petitioner's requests to provide medical records and call witnesses. [Doc. 1 at 5]. However, the Petitioner has not provided any factual basis beyond conclusory assertions and his allegations are too vague to support any claim of relief against trial counsel that rises to the level of ineffectiveness.[1]

The Petitioner's allegations regarding his request to hire his own attorney and his conviction as a habitual felon also fail to state any claim of relief. These claims are also vague and conclusory and the Petitioner fails to plead any facts to show that his habeas claim is based on the state court's misapplication of federal law, as required by 28 U.S.C. § 2254. Because the petition fails to specify any valid grounds for habeas relief and supporting facts, it is subject to dismissal.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find

---

[1] To show ineffective assistance of counsel, the petitioner must first establish deficient performance by counsel, and second, that the deficient performance caused the petitioner to suffer prejudice. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 29, 2023

Martin Reidinger
Chief United States District Judge